UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS OMAR SANCHEZ FLORES,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF TEHAMA, et al.,<br><br>Defendants. | No. 2:22-cv-01798-MCE-KJN<br><br><br><br>**ORDER** |

By way of this action, Plaintiff Carlos Omar Sanchez Flores ("Plaintiff") seeks to recover from multiple Defendants for injuries sustained when Plaintiff was erroneously arrested pursuant to a warrant issued for another person with a similar name. Presently before the Court are a Motion to Dismiss Plaintiff's Monell claims filed by Defendant County of Tehama ("Tehama"), ECF No. 21, and a Motion to Withdraw filed by Plaintiff's counsel, Dennis R. Ingols ("Counsel"), ECF No. 24. For the following reasons, both Motions are GRANTED.[1]

///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

### A. Motion to Dismiss

Tehama moves to dismiss Plaintiff's Monell claims against it because Plaintiff alleges no actual facts supporting liability against Tehama under federal law and bases his claims against Tehama on legal conclusions only.[2] The Court agrees.

The factual allegations in the Complaint are no more than threadbare recitals of the elements of the causes of actions pled:

> TEHAMA and SANTA CLARA lacked policies, practices, procedures, customs and/or training regarding the timely verification of claims of mistaken identity that could have minimized or even eliminated Plaintiff's unlawful seizure and imprisonment. At the very least, they should have figured out a lot faster than they did that they had the wrong man.

---

[2] On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

> . . . .
>
> TEHAMA has no process in place to promptly evaluate claims of mistaken identity, nor any training in place that would educate TEHAMA law enforcement personnel of any such process for evaluating such claims.

Compl., ECF No. 1, ¶¶ 40, 68.  Given that those factually deficient allegations are the only ones offered in support of Plaintiff's Monell claims, Plaintiff's claims necessarily must fail.  Accordingly, Tehama's Motion to Dismiss (ECF No. 21) is GRANTED with leave to amend.

### B.  Motion to Withdraw

Counsel's Motion to Withdraw is unopposed but granting it will leave Plaintiff in propria persona.  Accordingly, this Motion is governed by the requirements of Eastern District of California Local Rule 182(d), which provides that an attorney may not withdraw under such circumstances, absent a noticed motion, appropriate affidavits, notice to the client and all other parties who have appeared, and compliance with the Rules of Professional Conduct of the State Bar of California.  California Rule of Professional Conduct 1.16(b)(10) permits a member of the State Bar to seek to withdraw from representation when "the lawyer believes in good faith . . . that the tribunal will find the existence of . . . good cause for withdrawal."  However, "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving the client sufficient notice to permit the client to retain other counsel, and complying with [additional procedural rules]."  Cal. R. of Professional Conduct 1.16(d).  Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit."  E.D. Cal. Local R. 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Procedurally, in compliance with Local Rule 182(d), Counsel has properly noticed a motion with notice to Plaintiff and to all other parties appearing in the action.

Substantively, Counsel offers evidence that the "continued representation of Plaintiff[] will result in violation of the Rules of Professional Conduct." Decl. of Dennis R. Ingols, ECF No. 24-1, ¶ 8. Because California Rule of Professional Conduct 1.16(b)(2) requires counsel to request withdrawal if "the lawyer knows or reasonably should know that the representation will result in violation of [the] rules or of the State Bar Act," Counsel's Motion is well-taken. Given the early stage in these proceedings, and the fact that the Court will allow Plaintiff additional time to file an amended pleading as explained below, he will not be prejudiced by Counsel's withdrawal.

Because Counsel's request is procedurally correct, substantively supported, and unopposed, the Motion to Withdraw (ECF No. 24) is GRANTED. Dennis R. Ingols is relieved as counsel of record for Plaintiff effective upon the filing of proof of service of this signed Order on Plaintiff at his last known address:

> 4400 The Woods Dr., #706
> San Jose, CA 95136

### C. Conclusion

Tehama's Motion to Dismiss Plaintiff's Monell claims, ECF No. 21, and Counsel's Motion to Withdraw, ECF No. 24, are each GRANTED. Not later than five (5) days following the date this Order is electronically filed, Counsel shall file the proof of service of this Order on Plaintiff at his last known address. Then, not later than thirty (30) days following the date that proof of service is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: October 3, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

4